IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTOPHER-EARL: STRUNK, *et al.*,    ) | |
| ) | |
| Plaintiffs,    ) | |
| ) | Civil Action No. 1:09-cv-1295 (RJL) |
| v.    ) | Hon. Richard J. Leon |
| ) | |
| U.S. DEPARTMENT OF COMMERCE,    ) | |
|   BUREAU OF THE CENSUS, *et al.*,    ) | |
| ) | |
| Defendants.    ) | |

**REPLY MEMORANDUM OF DEFENDANTS
NEW YORK PROVINCE OF THE SOCIETY OF JESUS AND
FR. GERALD CHOJNACKI, S.J., IN SUPPORT OF THEIR
<u>MOTION TO DISMISS THE COMPLAINT</u>**

The New York Province of the Society of Jesus ("New York Province") and Father Gerald Chojnacki, S.J., two of the defendants in this action, submit this short Reply Memorandum in further support of their motion to dismiss all claims against them with prejudice. A somewhat different Reply Memorandum is being filed today by the New York Province and Father Chojnacki in the related case of *Strunk, et al., v. New York Province of the Society of Jesus, et al.,* Civil Action No. 1:09-cv-1249 (RJL).

<u>**SUMMARY**</u>

The Response Affidavit filed by plaintiffs (collectively referred to as "Mr. Strunk") does not address the legal issues raised by the motion to dismiss. The Response and its attachments make additional assertions against the Jesuit Order and the Catholic Church – for example, adding the sworn averments that the Jesuits were behind the assassination of President McKinley in 1901 as well as that of President Lincoln in 1865, and that Supreme Court Justice Antonin

Scalia is among the "immediate foot soldiers" controlled by the Order.[1]  But nothing in the Response mitigates the many fundamental legal problems with the Complaint itself.

*First*, the Complaint should be dismissed for failure to comply with the requirements of Fed. R. Civ. P. 8.  The allegations of the Complaint – whether explained, amplified, supplemented, or otherwise by plaintiffs' Response – are neither "short and plain" nor "simple, concise, and direct," and do not give fair notice of the claim being asserted.  While dismissal for failure to comply with Rule 8 is ordinarily without prejudice, in this case the absence of an intelligible, non-frivolous claim counsels dismissal with prejudice.  *Cf. Ciralsky v. Central Intelligence Agency,* 355 F.3d 661, 671 n.10 (D.C. Cir. 2004).  **Second,** the Complaint should be dismissed pursuant to Rule 12.  The Complaint is predicated on conclusory allegations of conspiracy, rather than having any plausible factual basis.  Such allegations do not state a claim upon which relief may be granted.  *Ashcroft v. Iqbal,* 556 U.S. ___, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007).  **Third,** the Complaint should be dismissed for failure to state a claim upon which relief may be granted, to the extent any colorable guess can be made of the nature of the claims meant to be asserted.  Mr. Strunk complains of nothing that is actionable, or for which he has standing to complain.  Dismissal is appropriate.

---

[1] Plaintiffs' Exhibit 17C, "Affidavit of Eric-Jon: Phelps © in esse," proposed expert witness for Mr. Strunk, at pages 5-6, 9.  The affidavit is inadmissible and is replete with statements which could not possibly have been made on personal knowledge (to note only one example, that the Order poisoned Pope Leo III in 1880).  The matters described in it are not proper for expert testimony under Fed. R. Evid. 702 and would be subject to exclusion under the standards enunciated in *Daubert v. Merrell Dow Pharmaceuticals,* 509 U.S. 579 (1993) and its progeny.  Even treating the statements made in the affidavit as supplemental factual allegations to the Complaint, they do not address the fundamental legal failings raised by the motion to dismiss (*e.g.,* lack of standing, failure to state a claim).  More generally, the affidavit is not cognizable on a motion to dismiss made under Rule 12 or Rule 8, which is limited to the allegations made in the Complaint.  Defendants note that Mr. Phelps, whose website is www.vaticanassassins.com, has gained a certain notoriety for his claim that Francis Cardinal Spellman was behind the assassination of President John F. Kennedy.

## ARGUMENT

Most of the Response consists of assertions which are not material to any issue raised by the motion to dismiss. For example, Mr. Strunk defends the propriety of his frequent filings in federal court, arguing, "I have just cause when [I] enter a court room as here as an altruistic public act." Response at page 3. This misses the point. Mr. Strunk's multitudinous cases simply show that he is (or should be) no stranger to the requirements of the Federal Rules of Civil Procedure in general and Rules 8 and 12 in particular.[2] Moreover, Mr. Strunk's assertion simply underscores his lack of standing. An individual has no standing to file a federal court case merely "as an altruistic public act." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 573-74 (1992) (a "plaintiff raising only a generally available grievance about government . . . does not state an Article III case or controversy"); *Ex parte Levitt,* 302 U.S. 633 (1937) ("it is not sufficient that he has merely a general interest common to all members of the public").

Parsing the Response discloses three assertions that arguably have some bearing on the legal principles underlying the motion to dismiss. Two of these assertions, that the New York Province is not exempt from a New York State law requiring registration of certain organizations and that Mr. Strunk has standing to assert his theories about the Logan Act pursuant to 18 U.S.C. § 1965(c), relate only to the other case filed by Mr. Strunk, Civil Action 1:09 cv 1249. This

---

[2] Mr. Strunk takes issue with what he sees as the implication that his filings have been "frivolous or vexatious, which sounds in defamation," and observes that defendants have not pointed to any court order holding Mr. Strunk in contempt, or sanctioning him. Defendants note the decision (not among the many others cited in Defendants' Opening Memorandum) in *Strunk v. New York State Board of Elections,* No. 08-CV-4289 (ARR) (LB) (E.D.N.Y. Oct. 28, 2008), appended as Attachment A to this Reply. In that case, Judge Ross noted that Mr. Strunk "is no stranger to this Court;" that even construing his pleadings "liberally and interpreting them as raising the strongest arguments they suggest," portions of his affidavit "rise to the level of the irrational;" and adding that "[i]n prior cases, the court has determined that portions of plaintiff's complaints have contained allegations that have risen to the irrational." That court dismissed Mr. Strunk's complaint "for lack of standing; failure to state a claim ***and as frivolous***." (Emphasis added.)

case, 1:09 cv 1295, does not implicate the Logan Act or the New York statute referred to in the Response.[3]

The only other possibly-pertinent claim made by plaintiffs in their response is that the defendants have somehow violated the Vienna Convention on Consular Relations. Even assuming defendants have guessed correctly about what Mr. Strunk is claiming – and the underlying principle of Rule 8 is that defendants should not be required to guess – this does not counsel against dismissal.

The Vienna Convention on Consular Relations, quoted at great length in Mr. Strunk's Response, has nothing to do with this case. It does not appear to bear any colorable relationship to any of the "Counts" contained in the Complaint. The Convention is not even mentioned in Count One, which appears to be the only Count pled against these two defendants. If Mr. Strunk is attempting to argue that the New York Province or Father Chojnacki have in some manner "violated" the Vienna Convention on Consular Relations, the Response does not tell us how, or why Mr. Strunk has standing to pursue such a claim. In any event, the Convention does not create any rights enforceable by a private individual in the federal courts. The Convention is non-self-executing and Congress has not enacted an enforcement mechanism. *Medellin v. Texas,* 554 U.S. ___, ___, 128 S.Ct. 1346, 1359 (2008) (sole remedy for noncompliance with the Vienna Convention on Consular Relations is referral to United Nations Security Council by aggrieved foreign state; remedies are "diplomatic, not judicial"); *Sanchez-Llamas v. Oregon,* 548

---

[3] With respect to Mr. Strunk's assertions about the New York statute, N.Y CVR §§ 53, *et seq.*, only the Attorney General of the State of New York is empowered to seek an injunction, *Id.* § 57, and the statute creates no private cause of action for damages. Violations are misdemeanors, *Id.* § 56, and Mr. Strunk does not controvert the incontestable principle that mandamus does not lie to force a prosecutor to prosecute a crime. Mr. Strunk has no standing to pursue this claim. Mr. Strunk's reference to 18 U.S.C. § 1965(c) is unavailing; that subsection simply authorizes nationwide service of process for witness subpoenas in RICO cases filed by the federal government.

U.S. 331 (2006).  *See Edye v. Robertson (The Head-Money Cases),* 112 U.S. 580, 598 (1884) ("with all this the judicial courts have nothing to do and can give no redress").

Moreover, in an overarching sense, plaintiffs' Response does not attempt to address the more fundamental flaws in the Complaint.  Plaintiffs do not even attempt to cure the Rule 8 defects, or to articulate more finely what they are trying to claim.  (If anything, plaintiffs' Response muddies the waters.)  Plaintiffs do not even attempt to articulate non-conclusory facts sufficient to withstand a Rule 12 motion in the post-*Iqbal* era.  There is no request for leave to amend, and no suggestion that any amendment would be other than futile.  Dismissal with prejudice is appropriate.

## CONCLUSION

Defendants the New York Province of the Society of Jesus and Father Gerald Chojnacki respectfully request that this Court grant their motion, dismissing the Complaint against them with prejudice.

September 18, 2009

Respectfully submitted,

　　/s/  John M. Bredehoft
John M. Bredehoft
D.C. Bar No. 375606
Mark E. Warmbier
(admitted *pro hac vice* only)
Kaufman & Canoles, P.C.
150 West Main Street, Suite 2100
Norfolk, Virginia 23510
757-624-3000
jmbredehoft@kaufcan.com

Counsel for Defendants
The New York Province of the Society of Jesus
 and Father Gerald Chojnacki, S.J.

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2009, I will electronically file the foregoing Reply Memorandum with the Clerk of Court using the CM/ECF system.  I further certify that I will send the same by U.S. mail, first class postage prepaid, addressed to the plaintiffs *pro se:*

>Christopher-Earl: Strunk
>Christopher (aka "Chris") Strunk
>593 Vanderbilt Avenue – 281
>Brooklyn, New York 11238

I certify that I will provide electronic notification to all counsel of record via the CM/ECF system, including:

>John M. McNichols
>Williams & Connolly LLP
>725 12th Street, N.W.
>Washington, D.C. 20005
>Counsel to defendants the Maryland Province of the
>Society of Jesus and Fr, Timothy B. Brown, S.J.

>And

>Maria J. Rivera
>Assistant Attorney General, State of Texas
>Post Office Box 12548, Capitol Station
>Austin, Texas 78711-2548
>Counsel to defendant State of Texas

>     /s/  John M. Bredehoft
>         John M. Bredehoft

::ODMA\PCDOCS\DOCSNFK\1537397\1