D+F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR PRINT OR ELECTRONIC PUBLICATION

CHRISTOPHER EARL STRUNK,

Plaintiff,

-against-

New York State Board of Elections, Deputy Director TODD D. VALENTINE, Deputy Director STANLEY ZALEN and LORRAINE A. CORTEZ-VAZQUEZ, Secretary of the State of New York, each in their official and individual capacity.[1]

Defendants.

08-CV-4289 (ARR)(LB)

MEMORANDUM AND ORDER

ROSS, United States District Judge:

On October 20, 2008, plaintiff Christopher Earl Strunk,[2] appearing *pro se*, commenced this action pursuant to 42 U.S.C. §§ 1983, 1985, 1988 and state law. He seeks a "restraining order and preliminary injunction" to prevent the general election on November 4, 2008 based on an allegedly invalid slate of presidential electors. On October 22, 2008, plaintiff filed a proposed "order to show cause." The court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) solely for the purpose of this order. As set forth below, the complaint is dismissed and the order to show cause is denied.

---

[1] Plaintiff also names the New York State Attorney General. The United States Department of State and the United States Attorney General as "Parties-in-interest." Compl. at 1.

[2] Plaintiff is no stranger to this Court. He has filed the following actions: Strunk v. United States House of Rep., No. 99-CV-2168 (NG); Strunk v. United States Dep't of Housing and Urban Dev., No. 99-CV-6840 (NG); Strunk v. United States House of Rep., No. 00-CV-7177 (JBW); Strunk v. United States CIA, No. 08-CV-1196 (ARR); Strunk v. United States Postal Svce, No. 08-CV-1744 (ARR).

**Background**

Plaintiff challenges the 2008 New York Presidential Electoral College and questions whether Senator Obama can run for President of the United States. Specifically, plaintiff alleges that the New York State Board of Elections ("BOE") has failed to provide him with a list of the presidential elector list and that it is not available on the BOE's website.[3] Compl. at 5. As a result, plaintiff argues that the BOE has "infringed Strunk's first amendment right to speech and association and burden[s] his expectation of effective participation in the general election." Compl. at 6. ¶ 25. Plaintiff alleges that defendants Todd D. Valentine and Stanley Zalen, BOE deputy directors, failed to comply with various state elections laws. Compl. at 6-9. Plaintiff speculates that defendant Lorraine Cortez-Vazquez, Secretary of the State of New York, may use the Seal of New York improperly. Compl. at 10. Finally, plaintiff alleges that "defendants and their agents have misapplied and misadministered their duties by failure to obtain and ascertain proof that Barrack Hussein Obama is a natural citizen, otherwise contrary to United States Article 2 Section 1 Clause 5." Compl. at 10. Plaintiff seeks (a) "public notice of every certified Presidential elector slate on the ballot," (b) an order striking from the ballot any certified elector with more than one public position, (c) an order restraining use of the state seal for any elector holding more than one public position, and (d) proof that Senator Obama is a natural born citizen. Compl. at 11. On October 22, 2008, plaintiff filed an order to show cause seeking a preliminary injunction and temporary restraining order. He seeks to prevent, *inter alia*, certain electors from appearing on the November 4, 2008 ballot and the delivery of the Seal to the New York Governor after the election.

---

[3] On October 20, 2008, plaintiff received "a seven-page list ... of the certified Presidential Elector Slates of 'Candidates'...." Strunk Affidavit at 2. ¶ 5.

## Standard of Review

In reviewing the complaint, the court is mindful that plaintiff is proceeding *pro se* and that his pleadings should be held "to less stringent standards that formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980); see also McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004) ("[W]hen the plaintiff proceeds pro se ... a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations." (citation omitted)). However, pursuant to the *in forma pauperis* statute, the court must dismiss a complaint if it determines that the action is "(i) frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if its "factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy," or if it is "based on an indisputably meritless legal theory" – that is, when it lacks an arguable basis in law ... or [when] a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Bev. Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal quotations omitted).

## Discussion

A. Standing

Under Article III of the Constitution, federal courts have jurisdiction only over "cases" and "controversies." U.S. Const., art. III, § 2; Allen v. Wright, 468 U.S. 737, 750 (1984); Warth v. Seldin, 422 U.S. 490, 498 (1975); Jaghory v. New York State Dept. of Educ., 131 F.3d 326, 329-330 (2d Cir. 1997). Standing "is an essential and unchanging part of the case-or-controversy requirement of Article III." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). Standing requires that (i) plaintiff have suffered an injury in fact, (ii) a causal connection between the injury and the conduct complained of; and (iii) likelihood that the injury will be redressed by a favorable decision.

Id. at 560-61; see also Lee v. Board of Governors of the Fed. Reserve System, 118 F.3d 905, 910 (2d Cir. 1997).

Moreover, the Supreme Court has "consistently held that a plaintiff raising only a generally available grievance about government – claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large – does not create an Article III case or controversy." Lujan, 504 U.S. at 573-75 (citing cases); see also Lance v. Coffman, 127 S.Ct. 1194, 1198 (2007) (dismissing Elections Clause challenge for lack of standing as plaintiffs stated a "generalized grievance about the conduct of government."). Here, plaintiff seeks to challenge the New York State slate of presidential electors based on the alleged violation of state constitutional law; he has not sufficiently alleged an injury in fact, but rather a generalized grievance. As such, it is plain on the face of the complaint that there is no actual "case" or "controversy" and therefore plaintiff lacks standing to bring this lawsuit.[4]

B. Failure to State A Claim

Even if plaintiff did have standing to bring this action, the complaint fails to state a claim since the crux of his complaint is that defendants have allegedly violated the State of New York's Constitution in allowing some electors to hold more than one public office. See Compl. at 6-10. A civil rights action under 42 U.S.C. § 1983 requires plaintiff to establish that the challenged conduct was committed by persons acting under color of state law and that it deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994).

---

[4] Plaintiff's prior challenge, on a different theory, to New York's method of selecting presidential electors was unsuccessful. See Strunk v. United States House of Rep., No. 00-CV-7177 (JBW), aff'd, 24 Fed. Appx. 21 (2d Cir. Nov. 8, 2001).

"Section 1983 'is not itself a source of a substantive rights,' but merely provides 'a method for vindication of federal rights elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266, 271 (1994) (citation omitted); Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993) (citation omitted) ("the plaintiff must show that the defendant's conduct deprived him of a federal right."). Thus, "[t]he first step in any such claim is to identify the specific constitutional right allegedly infringed." Albright, 510 U.S. at 271 (citation omitted). Here, plaintiff's complaint relies on the purported misapplication of New York State's Constitution and not on any violation of federal law. Plaintiff's conclusory citation to the First Amendment in unavailing and insufficient.

Similarly, plaintiff fails to show how defendants violated the conspiracy statute pursuant to 42 U.S.C. § 1985. For example, § 1985 generally prohibits conspiracies to interfere with civil rights. Section 1985(1) prohibits conspiracies to prevent federal officials from performing their duties. Weiss v. Feigenbaum, 558 F.Supp. 265, 272 (E.D.N.Y. 1982). Section 1985(2) prohibits conspiracies aimed at deterring witnesses from participating in either federal or state judicial proceedings. See Chahal v. Paine Webber Inc., 725 F.2d 20, 23 (2d Cir.1984). Section 1985(3) prohibits conspiracies to deprive "any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws ... whereby a person is either injured in his person or property or deprived of any right of a citizen of the United States." Brown v. City of Oneonta, 221 F.3d 329, 341 (2d Cir. 2000) (quotation omitted). Here, plaintiff provides no facts to support a conspiracy under any of the aforementioned sections.[5]

[5] As plaintiff has not retained an attorney, § 1988 is inapplicable to this case. Under 42 U.S.C. § 1988(b), the court "in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs." See e.g., LaRouche v. Kezer, 20 F.3d 68,71 (2d Cir. 1994); Tsombanidis v. City of West Haven, Connecticut, 208 F.Supp.2d 263, 270 (D.Conn. 2002).

C. Frivolous Claims

Finally, the Supreme Court has observed that a "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 33 (1992); Shoemaker v. U.S. Dep't of Justice, 164 F.3d 619 (2d Cir. 1998). Here, plaintiff makes the following allegations:

> The foot dragging going on there is quite remarkable, and appears more like a snipe hunt to throw the attention off of the obvious – was Barrack Hussein Obama born in Hawaii at all?; and other than the appearance of fast slight of hand in the then new created fiftieth state being easier to accomplish there than in New York, which from personal experience it is very possible to fool around with any birth record in New York and do it below the radar of public policy.
>
> That Bishop John Carroll built Georgetown University with slave trade blood money, without any apology mind you, so that seamlessly the Jesuits until this day control the politics of slavery and use it to fashion their liberation theology/new age ecumenism, and herd events in the election cycle with the purpose to enrich ventures on the continent of Africa south of the equator under the control of the Sovereign Military Order of Malta (SMOM) and Rome.
>
> Some months ago I discovered that Democratic Party Candidate Barrack Hussein Obama is a 32 level Freeman, which in Masonic parlance means that he is eligible to become a Shriner and able to rub shoulders with the movers and shakers of America, including George H.W. Bush and notable members of the SMOM with all the symbolic and actual advantages associated with that fact.

Strunk Affidavit at ¶¶ 26, 33-34. After construing plaintiff's pleadings liberally and interpreting them as raising the strongest arguments they suggest, Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006), the court finds that portions of plaintiff's affidavit rise to the level of the irrational.[6]

---

[6] In prior cases, the court has determined that portions of plaintiff's complaints have contained allegations that have risen to the irrational. See Strunk v. United States CIA, No. 08-

## Conclusion

Accordingly, the complaint, filed *in forma pauperis*, is dismissed for lack of standing, failure to state a claim and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3). Therefore, the court denies plaintiff's order to show cause seeking a preliminary injunction and a temporary restraining order. To the extent plaintiff raises state law claims, those claims are dismissed without prejudice. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Allyne R. Ross
United States District Judge

Dated: Brooklyn, New York
October 28, 2008

---

CV-1196 (ARR), slip op. (E.D.N.Y. Mar. 26, 2008); Strunk v. United States Postal Svce, No. 08-CV-1744 (ARR), slip op. (E.D.N.Y. May 9, 2008).

OCT 30 2008

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------x

CHRISTOPHER EARL STRUNK,

Plaintiff.

08-CV-4289 (ARR)(LB)

-against-

**CIVIL JUDGMENT**

New York State Board of Elections, Deputy Director TODD D. VALENTINE, Deputy Director STANLEY ZALEN and LORRAINE A. CORTEZ-VAZQUEZ, Secretary of the State of New York. each in their official and individual capacity,

Defendants.
--------------------------------------------------------------x

Pursuant to the Court's Memorandum and Order dated October 28, 2008 dismissing this complaint filed pursuant to 42 U.S.C. §§ 1983, 1985, 1988, and state law, it is

ORDERED, ADJUDGED AND DECREED: That the complaint is dismissed for lack of standing, failure to state a claim and as frivolous, 28 U.S.C. §1915(e)(2)(B), Fed. R. Civ. P. 12(h)(3), and the order to show cause is denied. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.

Allyne R. Ross
United States District Judge

Dated: Brooklyn, New York
October 28, 2008

C/M w/appeals packet