UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
CHRISTOPHER EARL STRUNK,           )
                                   )
                Plaintiff,         )
                                   )
v.                                 )    Civil Action No. 09-1295 (RJL)
                                   )
UNITED STATES DEPARTMENT           )
OF COMMERCE, BUREAU OF THE         )
CENSUS, *et al.*,                  )
                                   )
                Defendants.        )
_____)

# FEDERAL DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendants United States Department of Commerce, Bureau of the Census, Gary Locke,[1] Secretary of the United States Department of Commerce, United States Department of Homeland Security, Janet Napolitano, Secretary of the United States Department of Homeland Security, the United States House of Representatives, Nancy Pelosi, Speaker of the United States House of Representatives, and Barack Obama,[2] President of the United States ("Federal Defendants"), respectfully move this Court to dismiss the complaint filed by Plaintiff Christopher Earl Strunk ("Plaintiff") pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support of this motion and opposition, Federal Defendants respectfully refer the Court to the accompanying Memorandum of Points and Authorities. *Pro se* Plaintiff is advised that if he fails to respond to this motion, the Court may grant this motion and dismiss his case because of the

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Gary Locke, Secretary of the United States Department of Commerce is hereby substituted as the party of record for Carlos Gutierrez, former Secretary of the United States Department of Commerce.

[2] In the caption and the body of his complaint, Plaintiff lists the President of the United States as "Barry Soetoro" a.k.a. "Barack Obama." The Clerk of Court has listed "Barry Soetoro" as a named defendant. Undersigned counsel represents Barack H. Obama, President of the United States.

failure to respond. *See Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988). A proposed order consistent with this motion is attached hereto.

Respectfully submitted,

CHANNING D. PHILLIPS, D.C. Bar # 415793
Acting United States Attorney

 /s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

 /s/
WYNNE P. KELLY
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 305-7107
wynne.kelly@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CHRISTOPHER EARL STRUNK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 09-1295 (RJL) |
| | ) | |
| UNITED STATES DEPARTMENT | ) | |
| OF COMMERCE, BUREAU OF THE | ) | |
| CENSUS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF FEDERAL DEFENDANTS'
<u>MOTION TO DISMISS THE COMPLAINT</u>**

Plaintiff Christopher Earl Strunk ("Plaintiff" or "Strunk") has filed two (2) related complaints in this Court, both of which are frivolous and without merit. Each case, to the extent that the complaints can be digested, takes issue with the federal government's conducting of the national census and alleges a grand conspiracy in which the Society of Jesus, a religious order of the Roman Catholic Church, controls the nation (if not the world). Both of Plaintiff's complaints warrant dismissal as a matter of law.

I. <u>BACKGROUND</u>

In this case, Plaintiff seems to assert that Defendants United States Department of Commerce, Bureau of the Census, Gary Locke, Secretary of the United States Department of Commerce, United States Department of Homeland Security, Janet Napolitano, Secretary of the United States Department of Homeland Security, the United States House of Representatives, Nancy Pelosi, Speaker of the United States House of Representatives, and Barack Obama, President of the United States ("Federal Defendants") are part of some sort of conspiracy to

count "tourists"[1] as part of the population of the state of New York in the 2010 national census. (Compl. at 1-2, 11-19, ¶¶ 43-82.) Plaintiff also seeks a declaratory judgment related to "resident suffrage in Washington D.C. within Maryland as of right." (*Id.* at 2.) Plaintiff states that he makes a "Special Appearance" before the Court as a "Living-Soul Son-of-the Most-High-God-Yahweh in existence *nunc pro tunc* the moment of Creation in Joint-Heir-with-His-Son Made Debt-Free with the Yahshua Payment (consideration) of His Blood, in which Strunk Stands in the Kingdom of the Most-High-God Yahweh . . . under reserve, without dishonor, without prejudice, without recourse in good faith, *no dolus*; and that this [C]ourt and or defendants are unable to offer a higher consideration." (*Id.* at 4-5, ¶ 11.) The remainder of Plaintiff's allegations that seem to relate to the Federal Defendants center around Plaintiff's belief that the Federal Defendants conspired with various non-government actors throughout history to perpetuate, *inter alia*, the Oklahoma City bombing (*id.* at 18, ¶ 80) and President Barack Obama's education at Occidental College (*id.* at 24-27, ¶¶ 110-29). As Plaintiff's claims are utterly devoid of factual bases and fail to state a claim upon which relief could be granted, the complaint should be dismissed.[2]

## II. LEGAL STANDARD

Under Rule 8(a) of the Federal Rules of Civil Procedure, a complaint must contain "(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has

---

[1] Like much of Plaintiff's complaint, it is unclear what exactly Plaintiff means by the term "tourists" as he alternately alludes to pleasure travelers to places like Hawaii and New York, see Compl. at 27, ¶ 130, but then equates the term "tourists" with "illegal immigrants." *See id.* at 28, ¶ 134.

[2] As Plaintiff's complaint and the allegations therein are frivolous and Plaintiff lacks standing, Plaintiff's motion for a three judge panel should not be referred to the Chief Judge of the United States District Court for the District of Columbia for review. *Cf.* 28 U.S.C. § 2284.

jurisdiction and the claim needs no new jurisdictional support; [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." It is well established that even *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Banks v. Gonzales*, 496 F. Supp. 2d 146, 149 (D.D.C. 2007) (citing *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987)).

      1.    *Dismissal Pursuant to Rule 12(b)(1) for Lack of Jurisdiction*

Federal Defendants request dismissal of the complaint pursuant to either Rule 12(b)(1) or Rule 12(b)(6) of the Federal Rules of Civil Procedure. A Rule 12(b)(1) motion to dismiss for lack of jurisdiction may be presented as a facial or factual challenge. "A facial challenge attacks the factual allegations of the complaint that are contained on the face of the complaint, while a factual challenge is addressed to the underlying facts contained in the complaint." *Al-Owhali v. Ashcroft*, 279 F. Supp. 2d 13, 20 (D.D.C. 2003) (internal quotations and citations omitted.) When a defendant makes a facial challenge, the district court must accept the allegations contained in the complaint as true and consider the factual allegations in the light most favorable to the non-moving party. *Erby v. United States*, 424 F. Supp. 2d 180, 182 (D.D.C. 2006). With respect to a factual challenge, the district court may consider materials outside of the pleadings to determine whether it has subject matter jurisdiction over the claims. *Jerome Stevens Pharmacy, Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005). The plaintiff bears the responsibility of establishing the factual predicates of jurisdiction by a preponderance of evidence. *Erby*, 424 F. Supp. 2d at 182.

Additionally, and most relevant to this case, "'"[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, . . . wholly insubstantial, [or] obviously frivolous[.]"'" *Riles v.*

*Geithner*, -- F. Supp. 2d --, Civil Action No. 09-0214 (PLF), 2009 WL 1886214, at *2 (D.D.C. July 2, 2009) (quoting *Watson v. United States*, Civil Action No. 09-0268, 2009 WL 377136, at *1 (D.D.C. Feb. 13, 2009) (quoting *Hagans v. Lavine*, 415 U.S. 528, 536-37, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974))) (internal quotation marks and citations omitted). *See also Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998); *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994). "Thus, such claims must be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure." *Riles*, -- F. Supp. 2d --, 2009 WL 1886214, at *2. "To be dismissed on this ground, the claims in question must 'be flimsier than "doubtful or questionable" - they must be "essentially fictitious."'" *Id.* (quoting *Best*, 39 F.3d at 330 (quoting *Hagans*, 415 U.S. at 536-37))). "Claims that are essentially fictitious include those that allege '*bizarre conspiracy theories*, . . . fantastic government manipulations of [the] will or mind, [or] any sort of supernatural intervention.'" *Id.* (quoting *Best*, 39 F.3d at 330) (emphasis added).

   2. *Dismissal Pursuant to Rule 12(b)(6) for Failure to State a Claim*

In order to survive a Rule 12(b)(6) motion, the plaintiff must present factual allegations that are sufficiently detailed "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In satisfying this requirement that it "state a claim to relief that is plausible on its face," *id.* at 570, a complaint cannot survive a motion to dismiss through only "a formulaic recitation of the elements of a cause of action." *Id.* at 555.

As with facial challenges to subject-matter jurisdiction under Rule 12(b)(1), a district court is required to deem the factual allegations in the complaint as true and consider those allegations in the light most favorable to the non-moving party when evaluating a motion to dismiss under Rule 12(b)(6). *Trudeau v. FTC*, 456 F.3d 178, 193 (D.C. Cir. 2006). But where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of

the line between possibility and plausibility of entitlement to relief." *Twombly*, 550 U.S. at 557. Accordingly, a "court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

### III. ARGUMENT

#### A. This Court Lacks Jurisdiction Over Plaintiff's Conspiratorial Claims

Plaintiff's complaint is exactly the type of pleading contemplated by the D.C. Circuit's holding in *Best v. Kelly*. Plaintiff's bizarre and impossible allegations of intricate conspiracy theories involving the Federal Defendants are not only "essentially fictitious," they are complete fabrications of Plaintiff's mind. *Riles*, -- F. Supp. 2d --, 2009 WL 1886214, at *2. An even cursory review of Plaintiff's complaint demonstrates that this Court lacks jurisdiction over Plaintiff's complaint pursuant to the doctrine of *Best v. Kelly* and its progeny. As this Court lacks subject matter jurisdiction due to Plaintiff's bizarre, fanciful, and fictitious claims, Plaintiff's complaint should be dismissed. *See id.* (citing *Curran v. Holder*, -- F.Supp.2d -- (D.D.C. 2009); *Richards v. Duke University*, 480 F. Supp. 2d 222, 232-34 (D.D.C. 2007); *Roum v. Bush*, 461 F. Supp. 2d 40, 46 (D.D.C.2006); *Bestor v. Lieberman*, Civil Action No. 03-1470, 2005 WL 681460, at *2 (D.D.C. Mar. 11, 2005); *Carone-Ferdinand v. Central Intelligence Agency*, 131 F. Supp. 2d 232, 234-35 (D.D.C. 2001)).

#### B. Plaintiff Lacks Standing

Should this Court determine that it has jurisdiction over Plaintiff's complaint, the Court should dismiss Plaintiff's complaint as Plaintiff has failed to establish constitutional standing. "'Article III standing is a prerequisite to federal court jurisdiction, and . . . petitioners carry the

burden of establishing their standing.'" *Prosser v. Fed. Agri. Mortg. Corp.*, 593 F. Supp. 2d 150, 154 (D.D.C. 2009) (quoting *Am. Library Ass'n v. F.C.C.*, 401 F.3d 489, 493 (D.C. Cir. 2005)). For Plaintiff to satisfy the requirements of constitutional standing, he must demonstrate that he:

> First, must have suffered an injury in fact-an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of-the injury has to be fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Id.* In addition, to establish standing when seeking injunctive relief, Plaintiff must also "allege that [he is] 'likely to suffer future injury.'" *Id.* (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983)).

To the extent Plaintiff is attempting to contest the 2010 census and its possible inclusion of illegal immigrants, or any of the Federal Defendants' actions related to the 2010 census, this Court has already held that plaintiffs who bring such claims lack standing. *See Fed. for Am. Immigration Reform v. Kutznick*, 486 F. Supp. 564, 568 (D.D.C. 1980). In *Kutznick*, the plaintiffs filed suit, prior to the commencement of the actual national census, that their voting rights would be affected by the 1980 census due to its inability to capture the number of illegal aliens in the United States. This Court, sitting as a three-judge panel, held that the plaintiffs' injuries were far too speculative and they had failed to allege an injury-in-fact sufficient to confer constitutional standing. *Id.* at 570-71 ("They [plaintiffs] have failed to demonstrate concrete harm which will occur and be suffered by any one of them, and they have also failed to demonstrate that the relief they request will benefit them personally. Indeed, it is impossible for them to do so, because of the way our method of apportionment operates. . . . The point is that plaintiffs' allegations are far too speculative to permit us to conclude that any particular plaintiff

6

has an interest at stake in this proceeding and would benefit from the relief requested."). Here, the Court is presented with an almost identical factual scenario: Plaintiff has brought his claim making nebulous allegations that the national census of 2010 will inappropriately count illegal aliens (particularly agents of the Vatican) and that this occurrence will, in the future, affect Plaintiff's voting rights. Plaintiff's allegations are far too speculative and Plaintiff has failed to sufficiently allege an injury in fact to establish constitutional standing.[3] Plaintiff's complaint, particularly Counts One through Six,[4] should be dismissed.

### C. Plaintiff Fails to Satisfy the Rule 8 Pleading Requirements

Plaintiff's *pro se* complaint fails to state a claim even under the liberal pleading standards of Fed. R. Civ. P. 8(a). As noted above, it is well established that even *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Banks v. Gonzales*, 496 F. Supp. 2d 146, 149 (D.D.C. 2007) (citing *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987)). "Even under liberal notice pleading standards, a complaint may be dismissed if it does not articulate a factual or legal basis for relief." *Id.* (citations omitted). Rule 8(a) requires that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* This rule "accords the plaintiff wide latitude in framing his claims for relief." *Brown v. Califano*, 75 F.R.D. 497, 499 (D.D.C. 1977). The purpose of the rule is to give "fair

---

[3] Plaintiff, as a New York citizen, has even less of an argument for standing regarding the voting rights of citizens of the District of Columbia and/or Maryland.

[4] Plaintiff's complaint seems to attempt to articulate different counts or claims for relief. Plaintiff's first six counts, however, are identical in that they contain allegations of a conspiracy between various Federal Defendants and the Roman Catholic Church or the Society of Jesus to count illegal immigrants or tourists as part of the population to, purportedly, dilute citizens' votes and consolidate power.

7

notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of *res judicata* is applicable." *Id.* at 498. "A *pro se* complaint like any other, must present a claim upon which relief can be granted by the court." *Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C. Cir. 1981).

Plaintiff's pleading fails to meet the minimum requirements of even a *pro se* pleading. The complaint fails to allege sufficient facts that would give Defendant notice as to any possible cause of action or law allegedly at issue. *See Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111 (D.C. Cir. 2000) (Plaintiff need not plead a prima facie case but under Rule 8, he is required to give the defendants fair notice of each claim and its basis) (citations omitted). Therefore, Plaintiff's complaint should be dismissed pursuant to Fed. R. Civ. P. 8(a) & 12(b)(6).

   D.  <u>Federal Defendants Have Not Waived Sovereign Immunity</u>

Plaintiff is apparently seeking damages for alleged torts against federal agencies and federal employees in their official capacities. Such claims are barred by the doctrine of sovereign immunity as Plaintiff is seeking to impose liability on the United States. "The Federal Government can only be sued insofar as it has agreed to be sued." *Epps v. U.S. Atty. Gen.*, 575 F. Supp. 2d 232, 238 (D.D.C. 2008) (citing *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994)). "'Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.'" *Id.* (quoting *Meyer*, 510 U.S. at 475); *see also United States v. Nordic Village*, 503 U.S. 30 (1992)). The doctrine of sovereign immunity bars suit for money damages against federal officials in their official capacities absent a specific waiver by the Federal Government. *Clark v. Library of Congress*, 750 F.2d 89, 102-03 (D.C. Cir. 1984).

Where a plaintiff seeks monetary damages against a federal agency for certain torts committed by federal employees, the only possible basis for subject matter jurisdiction for this Court would be the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b). *Epps*, 575 F. Supp. 2d at 238. The FTCA is unavailable to Plaintiff, however. Like the Plaintiff in *Epps*, Plaintiff fails to "assert that he has exhausted necessary administrative remedies under the FTCA, which is a mandatory prerequisite . . . ." *Id.* (citing *GAF Corp. v. United States*, 818 F.2d 901, 904-05 (D.C. Cir. 1987)). Further, the FTCA does not provide a waiver of sovereign immunity for alleged constitutional torts, which Plaintiff may be alleging here, even if there were exhaustion of the requisite administrative process. *Id.* (citing *F.D.I.C. v. Meyer*, 510 U.S. at 477-78; *Clark*, 750 F.2d at 102-104); *see also Roum v. Bush*, 461 F. Supp. 2d 40, 45 (D.D.C. 2006).

In *Roum*, the plaintiff alleged that there was "an intricate plot by various agencies and officials of the federal government to kidnap, torture, and kill" the plaintiff. 461 F. Supp. 2d at 42. The government, among other things, allegedly kept plaintiff under "constant surveillance," broke into his apartment and poisoned his belongings, made false accusations of being a terrorist against him, and spied on him and other U.S. citizens. *Id.* The plaintiff sought injunctive relief and $875 million in damages. *Id.* Judge Collyer, upon consideration of a motion to dismiss the plaintiff's complaint, held that the plaintiff could not establish a valid waiver of sovereign immunity as he could not make out a claim as a matter of law, even under the FTCA. *Id.* at 46. Further, Judge Collyer stated that even if the plaintiff could make out a claim under the FTCA, the Court would still dismiss the claim as "fundamentally incredible" as "[u]nder Rule 12(b)(1), federal courts lack jurisdiction over claims that are 'so attenuated and unsubstantial as to be absolutely devoid of merit,'" *id.* (quoting *Hagans*, 415 U.S. at 536), and "[c]omplaints that are comprised of 'fanciful claims' and 'bizarre conspiracy theories' are generally subject to

9

dismissal on that basis." *Id.* (quoting *Bestor v. Lieberman*, No. 03-1470, 2005 WL 681460, at *1 (D.D.C. Mar. 11, 2005) (additional citation omitted).

Here, this Court cannot exercise jurisdiction over Plaintiff's claims as Plaintiff has not demonstrated a valid waiver of sovereign immunity. Plaintiff's only possible avenue of relief, the FTCA, is closed due to his failure to follow the correct administrative procedures and the fact that the FTCA does not waive immunity for the type of constitutional torts that Plaintiff seems to allege. Finally, as noted above, Plaintiff's claims are comprised of "fanciful" and "bizarre conspiracy theories" that "are generally subject to dismissal." *Id.* Thus, Plaintiff's complaint should be dismissed.

### E. Plaintiff Is Not Entitled to Any Injunctive Relief

Plaintiff seems to allege that he is entitled to some sort of injunctive relief. Plaintiff has failed to demonstrate a valid waiver of sovereign immunity and therefore any claims for injunctive relief should be dismissed. Plaintiff's only potential argument for waiver of sovereign immunity for injunctive relief is the Administrative Procedure Act ("APA"), 5 U.S.C. § 702 *et seq.* Plaintiff, however, has failed to allege a final action by a federal agency that would provide Plaintiff a right of action. *See, e.g.*, *Coalition for Underground Expansion v. Mineta*, 333 F.3d 193, 196-97 (D.C. Cir. 2003) (affirming district court's dismissal of complaint for lack of standing where plaintiff could not demonstrate final agency action for purposes of APA waiver of sovereign immunity). Plaintiff's nebulous allegations related to supposed interactions between the Federal Defendants and the Roman Catholic Church, particularly as it relates to the 2010 census, do not demonstrate a final agency action that could possibly be reviewable under the APA. Thus, any claims for injunctive relief against the Federal Defendants should be dismissed.

## CONCLUSION

For the foregoing reasons, the Federal Defendants respectfully request that the complaint be dismissed. A proposed order is attached.

Respectfully submitted,

CHANNING D. PHILLIPS, D.C. Bar # 415793
Acting United States Attorney

  /s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

  /s/
WYNNE P. KELLY
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 305-7107
wynne.kelly@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of September 2009, a true and correct copy of the foregoing Federal Defendants' Motion to Dismiss and Opposition to Plaintiff's Motion for Preliminary Injunction, Memorandum of Points and Authorities, and a proposed order were served upon *pro se* plaintiff by first class United States mail, postage prepaid marked for delivery to:

Christopher Strunk
593 Vanderbilt Avenue #281
Brooklyn, New York 11238

                                                /s/
                                          WYNNE P. KELLY
                                          Assistant U.S. Attorney