IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| **CHRISTOPHER EARL STRUNK,**<br><br>Plaintiff,<br><br>v.<br><br>**UNITED STATES DEPARTMENT OF COMMERCE, BUREAU OF THE CENSUS,** *et al.*,<br><br>Defendants. | Case No. 09-cv-01295 (RJL) |

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STATE OF CALIFORNIA'S MOTION TO DISMISS

## INTRODUCTION

Defendant State of California moves to dismiss Plaintiff's Complaint on several grounds: (1) pursuant to Federal Rule of Civil Procedure, Rule 12(b)(1) because the Eleventh Amendment to the United States Constitution bars claims against the State of California, because Plaintiff lacks standing to bring his claim, and because this Court lacks jurisdiction over the bizarre conspiracy theories alleged in the Complaint; (2) pursuant to Federal Rule of Civil Procedure, Rule 12(b)(2) for lack of personal jurisdiction over the State of California; and (3) pursuant to Federal Rule of Civil Procedure, Rule 12(b)(6) for failure to state a claim. For any or all of these reasons, Plaintiff's claims against the State of California should be dismissed.

1

# PLAINTIFF'S ALLEGATIONS

The Complaint names the State of California and numerous other municipal, state, and federal defendants, as well as some private Jesuit organizations. Although the allegations of the Complaint are vague and very difficult to discern, Plaintiff appears to allege a vast nationwide conspiracy to count tourists in the 2010 census, and conjectures that this may dilute his vote in Congress. Plaintiff asks for injunctive and declaratory relief, as well as five trillion dollars in damages. (Complaint, pages 29-30.)

With respect to California, Plaintiff appears to allege that California will gain a representative in Congress if tourists are counted in the census, based on charts of unspecified origin. (*Id.*, ¶¶ 57, 60; exhibits B-E.) However, in other parts of the Complaint Plaintiff appears to allege California will lose a representative. (*Id.*, ¶¶ 67, 85.) Plaintiff also alleges that California is in a partnership with Texas "as a result of arbitrary and capricious disproportionately using tourists to enlarge its Aristocracy's voice in Congress for which otherwise it is not reasonably entitled to under INA and the law of the land." (*Id.*, ¶ 68.) Plaintiff also mentions that the California Governor is in a similar arrangement with the President. (*Id.*, ¶ 69.) Plaintiff alleges violations of numerous federal constitutional provisions (*id.*, ¶ 1) and 42 U.S.C. §§ 1983, 1985 and 1986. (*Id.*, ¶ 2.)

## STANDARDS OF REVIEW

This motion is brought pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6). Rule 12(b)(1) authorizes dismissal for lack of subject matter jurisdiction. Rule 12(b)(2) authorizes dismissal for lack of personal jurisdiction. Rule 12(b)(6) authorizes dismissal for the failure to state a claim upon which relief can be granted.

Under Rule 12(b)(1), a plaintiff bears the burden of establishing by a preponderance of the evidence that the court possesses jurisdiction. *Shekoyan v. Sibley Int'l Corp.,* 217 F. Supp. 2d 59, 63 (D.D.C. 2002). "[I]n deciding a Rule 12(b)(1) motion . . . a court is not limited to the allegations in the complaint, but may also consider material outside of the pleadings in its effort to determine whether the court has jurisdiction in the case." *Alliance For Democracy v. Federal Election Com'n*, 362 F. Supp. 2d 138, 142 (D.D.C. 2005).

Under Rule 12(b)(2), "[p]laintiff bears the burden of establishing personal jurisdiction over each individual defendant." *Atlantigas Corp. v. Nisource, Inc*., 290 F. Supp. 2d 34, 42 (D.D.C. 2003). "In order to meet its burden, plaintiff must allege specific facts on which personal jurisdiction can be based; it cannot rely on conclusory allegations." *Id*. "Moreover, plaintiff cannot aggregate factual allegations concerning multiple defendants in order to demonstrate personal jurisdiction over any individual defendant." *Id*.

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The complaint "is construed liberally in the plaintiffs' favor," and the Court grants "plaintiffs the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Communications Corp.,* 16 F.3d 1271, 1276 (D.C.Cir. 1994). "However, the court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." *Id*.

## ARGUMENT

### I. LACK OF SUBJECT MATTER JURISDICTION

#### A. Plaintiff's Claims Are Barred By The Eleventh Amendment

Plaintiff's claims are barred by the Eleventh Amendment, which states that "[t]he judicial power . . . shall not . . . extend to any suit in law or equity . . . against one of the United States by Citizens of another State or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment bars suit against a state or its instrumentalities for legal or equitable relief in the absence of consent by the state or an abrogation of that immunity by Congress. *Papasan v. Allain*, 478 U.S. 265, 276 (1986); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, (1984). Section 1983 does not abrogate a state's Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 345 (1979); *see also Cerrato v. San Francisco*

*Community College Dist*., 26 F.3d 968, 975 (9th. Cir. 1994) (Eleventh Amendment also bars § 1985 and § 1986 claims against a state.)

The State of California has not expressly or constructively waived immunity to Plaintiff's lawsuit, and no federal or state statute requires waiver or abrogates immunity. Consequently, the Complaint must be dismissed as to the State of California with prejudice.

### B. Plaintiff Lacks Standing

Plaintiff also lacks standing to bring his claim. The judicial power of the United States is restricted by the requirement found in Article III of the U.S. Constitution that confines federal courts' jurisdiction "to the resolution of cases and controversies." *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State*, 454 U.S. 464, 471 (1982) (internal quotation marks omitted). A plaintiff's standing is "an essential and unchanging part of the case-or-controversy requirement." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "As an aspect of justiciability, the standing question is whether the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf." *Warth v. Seldin*, 422 U.S. 490, 498-499 (1975) (internal quotation marks and citations omitted). A plaintiff's standing is made of three separate elements: (1) he must allege an injury in fact; (2) he must be able to trace the causation of his injury to the named

defendant; and (3) the federal court must have the ability to redress the plaintiff's grievance. *Lujan*, 504 U.S. at 560-561.

In this case, Plaintiff cannot meet his heavy burden to show standing because, even assuming causation or redressabilty (which is not conceded), there is no injury in fact. To demonstrate an injury in fact, a plaintiff must show "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Id.,* 504 U.S. at 560. Accordingly, a plaintiff who raises "only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy." *Id.*, 504 U.S. at 573-574. Plaintiff's claim here is clearly only a generalized grievance, and therefore Plaintiff lacks standing.[1]

Accordingly, Plaintiff's Complaint is alternatively subject to dismissal for lack of standing pursuant to Rule 12(b)(1). *See Pershing Park Villas Homeowners Ass'n v. United Pacific Ins. Co.*, 219 F.3d 895, 899 (9th Cir. 2000) (stating standing is a jurisdictional issue).

---

[1] Additionally, the memorandum of law submitted by the Maryland Province of the Society of Jesus and Timothy B. Brown in support of their motion to dismiss, relying on *Federation for American Immigration Reform (FAIR) v. Klutznick*, 486 F. Supp. 564 (D.D.C 1980), and *Sharrow v. Brown*, 447 F.2d 94 (2d. Cir. 1971), provides further support as to how Plaintiff lacks standing to challenge and speculate on the future counting of persons in the census. (Docket #10, p. 4-6.)

### C. Plaintiff's Complaint is Frivolous and Insubstantial

Plaintiff's Complaint is also subject to dismissal for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure because it is frivolous and absurd. The Supreme Court has stated that claims can be "'so insubstantial, implausible, foreclosed by prior decisions of this Court or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court.'" *Hagans v. Lavine*, 415 U.S. 528, 543 (1974) (quoting *Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 666-667 (1974).) And, the United States Court of Appeals for the District of Columbia Circuit has stated that fictitious claims that allege "bizarre conspiracy theories, any fantastic government manipulations of their will or mind, [or] any sort of supernatural intervention" can be dismissed for want of jurisdiction. *Best v. Kelly*, 39 F.3d 328, 330-331 (D.C. Cir. 1994). The allegations of California's involvement in the bizarre conspiracy theory pled here, involving the state, Jesuit organizations, federal officials including the President, and others, would qualify for dismissal under these standards.

## II. LACK OF PERSONAL JURISDICTION

Plaintiff's Complaint also fails to allege any facts to support the assertion of jurisdiction over California. First, Plaintiff fails to cite to any provisions that would confer statutory jurisdiction. Also, any exercise of the Court's jurisdiction must be consistent with the Due Process Clause of the Fourteenth Amendment, a standard that Plaintiff fails to meet.

Modern principles of personal jurisdiction arise from *International Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny. The Due Process requirement "protects a person without meaningful ties to the forum state from being subjected to binding judgments within its jurisdiction." *Metropolitan Life Ins. Co. v. Roberson-Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996). A sufficient nexus to the forum must be established in order for the court to exercise personal jurisdiction over the defendants so that maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *International Shoe*, 326 U.S. at 316 (internal quotation marks and citations omitted). Plaintiffs must also show that the defendants "purposefully availed" themselves of the privilege of conducting activities in the forum such that they could foresee being "haled into court" there. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

Here, Plaintiff has not alleged any facts that suggest that this Court has personal jurisdiction over the State of California. Accordingly, this case must be dismissed pursuant to Rule 12(b)(2).

### III.  FAILURE TO STATE A CLAIM

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows dismissal of a complaint if a plaintiff fails "to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). Although "detailed factual allegations" are not necessary to withstand a rule 12(b)(6) motion to dismiss, to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or

"a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted). The facts alleged in the complaint "must be enough to raise a right to relief above the speculative level," *id.*, 550 U.S. at 555, or must be sufficient "to state a claim for relief that is plausible on its face." *Id.*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

Here, Plaintiff has failed to state sufficient and facially plausible factual matter against the State of California. Plaintiff has not alleged any specific actions by the State of California that deprived him of his rights, and relies only on conclusory allegations without any facts to support his theories. Accordingly, Rule 12(b)(6) provides an additional independent basis for dismissal of Plaintiffs Complaint.

/ / /

/ / /

/ / /

## CONCLUSION

For all the foregoing reasons, the claims against the State of California must be dismissed.

Dated:  September 28, 2009                    Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of California
DOUGLAS J. WOODS
Supervising Deputy Attorney General


/s/ Seth E. Goldstein
SETH E. GOLDSTEIN
Deputy Attorney General
California Bar No. 238228
California Office of the Attorney General
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA  94244-2550
Telephone:  (916) 327-2364
Fax:  (916) 324-8835
Seth.Goldstein@doj.ca.gov
*Attorneys for Defendant State of California*