IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTOPHER EARL STRUNK,<br><br>Plaintiff,<br><br>v.<br><br>UNITED S TATES DEPARTMENT OF COMMERCE, BUREAU OF THE CENSUS, *et al.*,<br><br>Defendants. | Case No. 1:09cv1295-RJL |

## **DEFENDANT CITY OF NEW YORK AND MICHAEL BLOOMBERG'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

Pursuant to Rules 12(b)(1) and 12(b)(6), Fed. R. Civ. P., defendants City of New York and Michael Bloomberg, Mayor of the City of New York (together, the "NYC Defendants"), by and through the undersigned counsel, respectfully submit this Memorandum of Law in Support of their Motion to Dismiss the Complaint filed by Plaintiff Christopher Earl Strunk. The NYC Defendants respectfully adopt by reference the legal arguments offered by defendants Maryland Province of the Society of Jesus, Timothy B. Brown, S.J., the New York Province of the Society of Jesus, and Fr. Gerald Chojnacki, S.J., in support of their motions to dismiss the complaint.

## **INTRODUCTION**

To the extent discernable, Plaintiff Strunk's claim is that the Census Bureau's alleged practice of counting tourists in the decennial Census will, after the next Census in 2010, result in a loss of Congressional seats for the State of New York and a consequent dilution of the impact of Strunk's vote. *See*, *e.g.*, Compl. ¶¶ 14, 25. Even if asserted against a party with some

actual involvement in conducting the Census, this claim would be deficient for a variety of reasons, including lack of standing and failure to state a claim. As asserted against the NYC Defendants, the claim is without any merit whatsoever. With regard to these defendants, the Complaint alleges only that Mayor Bloomberg "promotes the NYC sanctuary policy for tourists," "unlimited tourism along with citizenship equity," and has taken action to ensure that all New York City residents are counted in the 2010 Census by, among other things, appointing a City Census Coordinator. *See*, *e.g.*, id. ¶¶ 23, 24, and 27. Because he has not plead any facts that support a claim against the NYC Defendants, the Motion to Dismiss should be granted, and all claims against the City of New York and Michael Bloomberg should be dismissed with prejudice.

## ALLEGATIONS IN THE COMPLAINT

**A.  Strunk's Allegations of Tourist-Counting and Vote Dilution**

In his Complaint, Strunk alleges that New York, where he resides, *id.* ¶ 7, has fewer tourists than some other states in proportion to the number of residents, *id.* ¶ 25, and thus that the Census Bureau's practice of counting tourists in the decennial Census results in a proportional reduction of the number of Congressional Representatives to which New York is entitled, *id.* ¶¶ 28-29.[1] Strunk further alleges that the parties "inten[d] to repeat the same type [of] enumeration . . . of all persons including tourists whether documented or not" for the 2010 Census, and that as a result, New York's Congressional delegation — allegedly reduced from 31

---

[1] To be sure, Strunk also appears in places to allege the opposite, *i.e.*, "[t]hat NYC has the overwhelming greatest number of undocumented tourists compared with any other state subdivision . . ." Compl. ¶ 45. He also appears to find fault with alleged efforts by New York City to welcome tourists, *see id.* ¶¶ 21 & 26-29, even though the inclusion of tourists in New York's population for Census purposes would, as a matter of logic, tend to increase New York's Congressional representation and Strunk's own voting power.

to 29 House members as a result of tourist-counting in the 2000 Census, *id*. ¶ 28 — will be further reduced from 29 to 28 members in the next apportionment, *id*. ¶ 29.

In support of this claim, Strunk attaches a chart (of unspecified origin) purporting to show the number of "undocumented tourists" in each State under various estimates of the total U.S. "undocumented tourist population," which, Strunk appears to suggest, ranges from 7 million to 40 million. *See id*. ¶ 45 & Ex. B. He also attaches charts (again, of unspecified origin) projecting the number of Congressional seats that would be reapportioned in 2010 under hypothetical scenarios in which 20, 30, or 40 million tourists are excluded from the Census. *Id*. ¶¶ 65-67, 85 & Exs. D, E.

**B.     Strunk's Allegations Regarding the City of New York and Michael Bloomberg**

Strunk alleges that Mayor Bloomberg and the City of New York will take steps to ensure that all persons, including those without documentation supporting their right to reside in the United States ("illegal aliens") and temporary visitors to this country ("tourists"), are counted as part of the 2010 Decennial Census. Compl., ¶¶ 21 – 29. Strunk further alleges that Mayor Bloomberg and the City of New York have a policy of affording "sanctuary" and "citizenship equity" to illegal aliens and tourists, thereby encouraging their presence in the City of New York. From this, he appears to conclude that including these persons in the enumeration of the population of the City of New York will dilute his voting power.

# ARGUMENT

## I. STRUNK LACKS STANDING TO CHALLENGE CENSUS PROCEDURES

The U.S. Constitution limits the subject-matter jurisdiction of the federal courts to "Cases" and "Controversies." U.S. Const. Art. III § 2. One aspect of this limitation is the doctrine of standing, which requires a plaintiff to demonstrate, among other things, that he has suffered an injury that is "concrete and particularized," not "conjectural or hypothetical," and that it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal citations and quotation marks omitted). In this regard, a plaintiff who "rais[es] only a generally available grievance about government," and who "seek[s] relief that no more directly and tangibly benefits him than it does the public at large" does not have standing, *id*. at 573-74, and thus his claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

The question of an individual citizen's standing to challenge the counting of particular persons in the Census was addressed by this Court in *Federation for American Immigration Reform (FAIR) v. Klutznick*, 486 F. Supp. 564, 566 (D.D.C. 1980). In that case, the plaintiffs sought to enjoin the counting of illegal aliens in the 1980 Census then underway, contending that including them in general population figures would — as here — result in "disproportionate allocations" of seats in Congress to certain states and a corresponding loss of seats to others. *Id*. Rejecting this argument, the court held that "because of the way our method of apportionment operates," the plaintiffs could "do no more than speculate as to which states might gain and which might lose representation," and that it was "impossible" for them to establish "that the relief they request will benefit them personally." *Id*. at 570. The Second

Circuit reached the identical conclusion in *Sharrow v. Brown*, 447 F.2d 94, 97 (2d Cir. 1971), which dismissed the standing arguments of a plaintiff who similarly sought to enjoin the counting of a class of persons — there, disenfranchised felons — holding that due to the vagaries of reapportionment, the plaintiff could not show that his home state, New York, would gain a Congressional seat if a state heavy with disenfranchisees were to lose one.

These cases are dispositive here.[2] As in *FAIR*, Strunk "can do no more than speculate" as to the number of seats New York would gain—or, perhaps, not lose—were he to prevail. *FAIR*, 486 F. Supp. at 570. First, Strunk's claim that the Census Bureau will, in fact, count tourists in the 2010 Census in purely a presumption based on (unsupported) claims about past practice; Strunk points to no policy statement or other current action that would provide a factual basis to support it.[3] Second, his apparently self-generated estimates of the number "undocumented tourists" in New York range between 489,000 and 2,466,424 — a fivefold difference in single city. Compl. ¶ 45. This number, he states, depends on whether the total undocumented tourist population in the U.S. is 7 million or 40 million, *id*., but he makes no assertion as to which is the likelier figure. Nor does he provide any basis for his projections regarding the distribution of tourists among particular States under the 20-, 30-, or 40-million-

---

[2] To be sure, the U.S. Supreme Court has concluded that some challenges to Census reports are justiciable. *See Utah v. Evans*, 536 U.S. 452 (2002); *Franklin v. Massachusetts*, 505 U.S. 788, (1992). These cases are easily distinguishable from this case, however, in that the Censuses in issue were complete, and the numerical effect of the challenged practices — using an imputation method instead of a pure headcount, *Evans*, and allocating overseas federal employees to the states that were their homes of record, *Franklin* — was a known quantity. *Evans*, 536 U.S. at 458 (a 1.2 million offset, increasing North Carolina's official population by 0.4% and decreasing Utah's by 0.2%); *Franklin*, 505 U.S. at 790 (922,819 overseas military personnel).

[3] For example, the press release from the New York City Mayor's office that Strunk attaches as Exhibit A to his Complaint makes no mention of tourists.

tourist scenarios he offers. *Id*. ¶¶ 65-67. In short, Strunk's Complaint provides no factual premise to conclude either that tourists will be counted in the Census, or that if they are, their inclusion will have some effect on reapportionment.

Additionally, insofar as Strunk is attempting to base his claim on the fact that D.C. residents do not vote for a voting member of Congress, suffice it to say that he, as a resident of New York, cannot bring such a claim. *See Lujan*, 504 U.S. at 563 ("[T]he injury in fact test requires more than an injury to a cognizable interest. It requires that the party seeking review be himself among the injured.") (emphasis added). Accordingly, Strunk lacks standing.

## II. STRUNK HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court reviews a complaint's factual allegations to determine their legal sufficiency. *See*, *e.g.*, *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). While a court accepts all well-pleaded factual allegations as true, a complaint does not pass muster under Rule 8, Fed. R. Civ. P., if it merely "tenders naked assertions devoid of further factual enhancement." *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal citations and quotations marks omitted). Moreover, a complaint's statement of facts must make the plaintiff's entitlement to relief more than "a sheer possibility." *Id*. Rather, following the U.S. Supreme Court's landmark decision in *Bell Atlantic Corp. v. Twombly*, 500 U.S. 544, 570 (2008), a plaintiff's claim for relief must be "plausible on its face."

Even under the most lenient application of this standard, Strunk's claims against the NYC Defendants fall well short of what the law requires. First, Strunk's Complaint fails to state a claim even in a conclusory or formulaic way, much less in the factually-supported manner required by Rule 8. Strunk's principal grievance — the counting of tourists in the Census — is

6

not against the law, or at least not against any law that Strunk has cited. Although Strunk alleges that "'Tourists' per se as would be defined in the Immigration and Naturalization Act of 1965 are not permanent residents, [and] therefore [are] not counted in the Census," Compl. at 2, the law he appears to reference,[4] 8 U.S.C. § 1101, has nothing to do with who is counted in the Census. That is determined by the Fourteenth Amendment, which provides that apportionment is based on "the whole number of persons in each State, excluding Indians not taxed." This language, the *FAIR* court observed, would appear to require the counting of, among other persons, illegal aliens. *FAIR*, 486 F. Supp. at 576. Accordingly, the U.S. Code section providing for the counting of population in the Census, 13 U.S.C. § 141, contains no language concerning citizenship, residency, or tourist status. *Cf. Burns v. Richardson*, 384 U.S. 73, 94 (1966) (noting the counting of tourists in Hawaii's census population). In short, Strunk has failed to allege any violation of law.

Moreover, even if one assumes that Strunk has alleged some illegality in the counting of tourists in the Census, he has still failed to state a claim against either of the NYC Defendants. Because the Census is conducted by the Department of Commerce pursuant to its policies and procedures, and neither the Mayor of the City of New York nor the City of New York set such policies nor establish such procedures, and therefore neither the Mayor nor the City may be said to be acting under color of state law with regard to the conduct of the 2010 Decennial Census, the only legal theory on which either of the NYC Defendants may be found liable for a civil-rights injury is conspiracy under 42 U.S.C. § 1985(3). *Compare*, *e.g.*, *NCAA v. Tarkanian*, 488 U.S. 179, 192 (1988) (state action required under 42 U.S.C. § 1983), and *Griffin*

---

[4] There is no U.S. law entitled the "Immigration and Naturalization Act of 1965." Presumably, Strunk intended to refer to the Immigration and Nationality Act of 1965, 8 U.S.C. § 1101.

*v. Breckenridge*, 403 U.S. 88, 101-02 (1971) (state action not required under 42 U.S.C. § 1985(3)). Strunk has not alleged that either of the NYC Defendants are part of any alleged conspiracy the Jesuits and Congress. Even had he, he would have failed to state a claim upon which relief can be granted.

The elements of a cause of action under 42 U.S.C. § 1985(3) are: (1) a conspiracy; (2) for the purpose of depriving, directly or indirectly, any person or class of persons of the equal protection of the laws or of equal privileges and immunities under the laws; (3) an overt act in furtherance of the object of the conspiracy; and (4) that the plaintiff (a) was injured in his person or property, or (b) was deprived of having and exercising any right or privilege of a United States citizen. *Griffin*, 403 U.S. at 102-03; *Atherton v. D.C. Office of the Mayor*, 567 F.3d 672, 688 (D.C. Cir. 2009). With regard to each of these elements, Strunk's Complaint consists of nothing but farfetched conspiracy theories and "naked assertions devoid of further factual enhancement," none of which makes his right to recover even remotely plausible. *Iqbal*, 129 S. Ct. at 1949. Accordingly, his claims fail to meet the pleading standards of *Iqbal* and *Twombly* and must thus be dismissed.

## **CONCLUSION**

For the foregoing reasons, Defendants the City of New York and Michael Bloomberg, Mayor of the City of New York, request that this Court enter an order dismissing, with prejudice, all claims against them, and for such other and further relief as is just and proper.

Respectfully submitted,

/s/ J. Gerald Hebert

J. GERALD HEBERT
Law Offices of J. Gerald Hebert, P.C.
191 Somervelle Street, Suite 405
Alexandria, VA 22304
(703) 628-4673 (office)
hebert@voterlaw.com
**DC Bar No. 447676**

**MICHAEL A. CARDOZO**
Corporation Counsel of the
  City of New York
100 Church Street
Room 2-126
New York, New York  10007
(212) 788-0849
(212) 788-8877 (fax)
SKitzing@law.nyc.gov

By:   /s/ Stephen Kitzinger
        Stephen Kitzinger
        Assistant Corporation Counsel
        (admitted *pro hac vice*)

Date:   October 2, 2009